UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIDGEFIELD CASUALTY
INSURANCE CORPORATION,

    Plaintiff,

v.   Case No. 8:23-cv-2465-CEH-LSG

THE CINCINNATI INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

Referred to me for decision are four motions pertaining to discovery. Docs. 71, 74, 77, and 78. Oral argument on those motions occurred yesterday. Doc. 81.

In the first motion, the plaintiff Bridgefield Casualty Insurance Company moves under Rule 36(a)(6), Federal Rules of Civil Procedure, to determine the sufficiency of the defendant Cincinnati Insurance Company's answers to Bridgefield's first and second requests for admissions. Doc. 71. Cincinnati responds in opposition, Doc. 82, and argues that the responses are sufficiently responsive and clear. Bridgefield's first request seeks an admission that a policy issued by Cincinnati to the parties' mutual insured, C-Squared Certified General Contractor, Inc., "provided excess coverage to the policy issued by Bridgefield[.]" Doc. 71-1 at 3.

1

Cincinnati admits the existence of the policy but denies that the policy provided coverage. Doc. 71-1 at 4. Similarly, the second request seeks an admission that a policy issued by Cincinnati "provided excess coverage to the policy issued by Bridgefield[.]" Doc. 71-1 at 4. Cincinnati again denies that the policy provides coverage "because both policies have applicable exclusions for employer liability and/or workers compensation." Doc. 71-1 at 5. In its brief and at oral argument, Bridgfield argued that these requests sought "Cincinnati's position as to whether Bridgfield's policy of insurance was an underlying policy of insurance for Cincinnati's umbrella coverage[.]" Doc. 71 at 8. But the requests, as written, are not so specific. Rather, they seek more broadly an admission about coverage, which Cincinnati adequately answered. For this reason and as explained at the hearing, Bridgefield's request for an order directing Cincinnati to answer the requests, Doc. 71, is **DENIED** because Cincinnati's answers sufficiently respond to the requests as written.

In the second motion, Cincinnati seeks a protective order under Rule 26(c) from Bridgfield's "Notice of Taking Zoom Deposition *Duces Tecum* of Defendant's Expert Witness Rick Hammond." Docs. 74, 74-1. That notice requests "[c]opies of all published articles referenced in Defendant's expert report" and "[c]opies of all transcripts of testimony referenced in Defendant's expert report." Doc. 74-1 at 4. Cincinnati argues that the requests are unduly burdensome and disproportionate to the needs of the case because the articles span several decades, because most of the articles and transcripts are not within the expert's possession, because the transcripts

2

are "privileged and confidential," and because the articles are publicly available. Doc. 74 at 3. Bridgefield responds that these are unsubstantiated and improper objections. Doc. 85. Additionally, Bridgefield argues that producing the transcripts will not affect a right of protection or privilege held by a third party but only an alleged confidentiality policy adopted by the expert. Doc. 85 at 4-5.

As explained at the hearing, because Mr. Hammond is not a party to this case, a request for documents under Rule 34 is procedurally defective. The method for obtaining discovery from a non-party is a subpoena under Rule 45 and not a Rule 34 request for production. *See* FED. R. CIV. P. 34(a), (c); *Lee-Bolton v. Koppers Inc.*, No. 1:10-CV-253-MCR-GRJ, 2015 WL 12912448, at *1 (N.D. Fla. Aug. 31, 2015) ("The only way to compel a nonparty to produce documents or other materials is through a subpoena duces tecum."). Thus, the request as currently formulated is unenforceable against Mr. Hammond. Even if analyzed under Rule 45(d)(3), the request that Mr. Hammond produce all eighty-eight publications identified in his expert disclosure is unduly burdensome, particularly if many of those publications are outside of his possession, not in a readily producible format, or publicly accessible. On the other hand, if Mr. Hammond has copies of the transcripts in his possession, he will likely be required to produce those items in response to a Rule 45 subpoena, absent a claim of attorney-client privilege or work-product protection. *See* FED. R. CIV. P. 45(d)(3), (e)(2). For now, because of the procedural defect in the plaintiff's request, the motion for a protective order, Doc. 74, is **GRANTED**.

In the third motion, Cincinnati seeks a protective order against a March 28, 2025, deposition notice issued by Bridgefield for Cincinnati's corporate representative John Benintendi, who Bridgfield has deposed twice on July 26, 2024, and September 30, 2024. Doc. 77. The deposition notice, which is not attached to the motion, apparently describes the topics of inquiry as the underwriting files, the identity of underlying policies, and coverage under Cincinnati's umbrella insurance policy from 2018 to 2021. Doc. 77 at ¶ 6. Bridgefield responds that a material change in circumstances warrants further questioning of Mr. Benintendi. Doc. 84. Until recently, the parties behaved and discovery proceeded as if the policy issued by Cincinnati was effective at the time of the incident leading to this dispute. Cincinnati admitted in written discovery and through its corporate representative that the excess coverage existed and provided coverage during the relevant period. Doc. 84 at 4–7. Yet Cincinnati revealed on April 2, 2025, a new position—that the policy was canceled effective February 19, 2019. Doc. 84 at 8. Although both parties for many months possessed the item purportedly canceling the policy, no party realized alleged the impact of that document until very recently. Doc. 82 n.2.

Absent a stipulation by the parties, Rule 30(a)(2)(A)(ii), Federal Rules of Civil Procedure, requires leave of court to depose a witness who "has already been deposed in the case." "The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6)." 7 MOORE'S FEDERAL PRACTICE § 30.05(1)(c) (3d ed.). Given recent events, granting leave and requiring Mr. Benintendi to appear again to provide testimony on behalf of Cincinnati about

4

the alleged cancelation of the policy in February 2019, as well as the basis for Cincinnati's previous admissions and recent reversal, is neither unreasonably cumulative nor unduly burdensome. FED. R. CIV. P. 26(b)(2)(C). Thus, the motion for a protective order, Doc. 77, is **DENIED IN PART** and **GRANTED IN PART**. Because Mr. Benintendi is not located in Florida, the deposition must occur by remote means on a day and time convenient to the parties and Mr. Benintendi. The duration of the examination is limited to four hours and the subject of the examination is limited as described above, absent a stipulation by the parties.

Finally, Cincinnati moves under Rule 60(b) for reconsideration of the order, Doc. 73, granting as unopposed Bridgefield's motion to compel discovery and ordering Cincinnati to produce the documents requested in Bridgefield's supplemental request for production, Doc. 70-1; Doc. 78. Those documents include underwriting files for three insurance policies issued by Cincinnati between 2018 and 2021. Doc. 70. The order grants the motion because Cincinnati failed to timely respond. Doc. 73; Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Rule 60(b) is not the proper avenue for relief from a non-final order. *See Graziano v. Schelling*, Case No. 2:22-cv-34-SPC-KCD, 2023 WL 6586088, *1 (M.D. Fla. Oct. 10, 2023). Nonetheless, reconsideration under Rule 54(b) is appropriate to avoid disclosure of materials protected as work product or otherwise irrelevant to the case. *See id.*; *Herman v. Hartford Life and Accident Ins. Co.*, 508 F. App'x 923, 928 n.1 (11th Cir. 2013).

Accordingly, the motion, Doc. 78, is **GRANTED IN PART**. Cincinnati may withhold from production items protected as privileged or as attorney work product and must produce an itemized privilege log as contemplated in the Middle District of Florida's Civil Discovery Handbook and Rule 26(b)(5). Otherwise, Cincinnati must produce items in all three underwriting files relevant (1) to Bridgefield, (2) to any exclusion applicable to Bridgefield or to this action, (3) to any underlying policy of insurance, (4) to the alleged cancelation of Cincinnati's umbrella policy in February 2019, and (5) to the renewal of that policy in 2020. The production and privilege log must occur no later than fourteen days after the day of this order. The parties should handle these materials as stipulated in their "Agreed Protective Order Regarding Confidentiality." Doc. 56-1.

**ORDERED** this 18th day of April, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge