UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIDGEFIELD CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                    Case No.: 8:23-cv-2465-CEH-LSG

THE CINCINNATI
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

The defendant The Cincinnati Insurance Company moves, Doc. 140, for reconsideration of the order denying the defendant's discovery motion as untimely. Docs. 131, 132. The plaintiff responds in opposition. Doc. 149.

Rule 54(b), Federal Rules of Civil Procedure, permits a district court to revise an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). A district court evaluates a motion for reconsideration "under the standards inherent in Rule 54(b)—plenary authority 'to reconsider, revise, alter or amend' a non-final order before the entry of final judgment." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). Despite this authority, "in most instances

district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id*. at 1380.

Furthermore, a district court enjoys "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). "Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

As explained in the order denying the defendant's motion as untimely, Doc. 132, the "Fifth Amended Case Management and Scheduling Order" established a discovery deadline of August 29, 2025. Doc. 108. As noted in a September 29, 2025, order, Doc. 127, the parties have requested multiple extensions of the discovery deadlines and have received five extensions of the discovery period since this case began. *See* Docs. 27–30, 34–40, 41, 46, 61–64, 65–66, 68–69, 75, 90, 92, 101, 107–108. At the beginning of this case, the parties were warned that, although the parties "may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by" the case management and scheduling order, "the parties may not alter the terms of [the order] without leave of Court." Doc. 19 at 4. The parties were further instructed that each party must timely serve discovery requests so that a response may occur before the discovery deadline

and that the "Court may deny as untimely all motions to compel filed after the discovery deadline." Doc. 19 at 4; *see also* Middle District of Florida Civil Discovery Handbook § 1.F ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").

The defendant explains that the parties agreed to conduct a deposition after the close of discovery. The defendant sought no timely extension of that deadline or permission to conduct discovery outside the discovery period. As demonstrated by the defendant's repeated requests to extend the discovery deadline, the defendant knew that it lacked authority to alter that deadline by stipulation. Yet, despite ample warning and knowledge, the defendant continued discovery. In doing so, the defendant assumed the very obvious risk of arriving in the precise situation described in the defendant's motion. If an injustice occurred, it resulted from the informed decision of defense counsel to conduct discovery outside the deadline without leave of court.

Accordingly, the defendant's motion, Doc. 140, is **DENIED**.

**ORDERED** in Tampa, Florida, on this 6th day of November, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge